## Case No. 17,352.

WEEKS v. LADD et al.  BARKER v. SAME.

SANDERSON v. SAME.

[2 Sawy. 520.] [1]

Circuit Court, D. Oregon. Jan. 26, 1874.

PLEADING — AVERMENT CONNECTING CAUSE AND EFFECT.

The complaint alleged that the defendants being directors of the O. S. N. Co., by their false and fraudulent acts and representations, depreciated the market value of the stock of said company, and the plaintiff relying upon the good faith of the defendants was induced to sell his stock in said company below its real value, to his damage: *Held*, on demurrer, that there was a failure to connect the alleged cause and effect by proper averment; that it should have been stated that the plaintiff was thereby induced to sell his stock, etc.

The demurrers in these cases were argued and submitted together. The actions were brought to recover damages alleged to have been sustained by the plaintiffs in the sale of their respective shares of stock of the Oregon Steam Navigation Company, a corporation formed and existing under the laws of Oregon, for the purpose of navigating the Columbia river and its tributaries. The damages claimed in the first case are $15,471.79; in the second one $19,000, and in the third one $55,860.

George H. Williams and John H. Mitchel, for plaintiffs.

William Strong, for defendants.

DEADY, District Judge. In Weeks' case the complaint alleges that the plaintiff is a citizen of California, and that the defendants, on August 29, 1867, and prior thereto, and while the plaintiff was the owner of forty-two shares of the stock of the O. S. N. Co., were directors of said corporation, and did by their false and fraudulent acts and representations reduce the market value of said stock sixty-two and a half per centum below its real value; and also that the plaintiff, "being ignorant of the fraudulent acts of defendants, as aforesaid, in diverting the funds of said company, all of which was done secretly by defendants, and in misapplying them, and relying upon the said representations and statements of defendants, and upon their good faith; and believing their said statements and representations so made as hereinbefore alleged to be true, was induced to sell, and did actually, on or about August 29, 1867, sell his said forty-two shares of stock in said company for a price greatly below the real value thereof at the time of such sale, and also greatly below what it otherwise would have brought in the market at that time, had it not been for the wrongful conduct of the defendants as aforesaid; that your plaintiff, being influenced and induced as aforesaid, by the fraudulent conduct of the said defendants as aforesaid, did, at the date hereinbefore stated, sell, assign, transfer, set

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

over to ——, absolutely, all his forty-two shares of stock in said corporation for the price, and receiving therefor the sum of seventy-two and a half cents, and no more, on the dollar, par value thereof; that the real value of said forty-two shares of stock at that date, to the owner and holder thereof, was not less than twenty-five per centum premium on the par value thereof, to wit: the sum of $625 per share."

The defendants demur to the complaint because: (1) It does not state facts sufficient to constitute a cause of action; and (2) the action was not commenced within the time limited by law—two years after the cause of action accrued.

In support of the first cause of demurrer, the defendant makes the following points: (1) That the acts and representations of the defendants, even conceding them to be fraudulent, and that plaintiff was thereby induced to sell his stock at less than its value, are not sufficient foundation for the action. (2) The complaint does not show that plaintiff was induced by these false acts and representations to part with his stock. (3) That it should be averred that the representations were in writing.

Upon the second of these points the argument stands thus: For the defendants it is maintained that, admitting, as the demurrer does, the defendants did the acts and made the representations complained of, that the plaintiff believed them to be true, and that they had the effect to depreciate the market value of the stock, as alleged, still it does not follow that the plaintiff was thereby induced to sell his stock for less than its real value. There is a failure to connect the alleged cause and effect by proper averment. For aught that appears, the plaintiff may have been induced to part with his stock upon considerations altogether different than the apparent depreciation of its value. The alleged loss arose from the sale by the plaintiff of his stock for less than its real value, and unless it appears from the complaint that such sale was induced, or caused by the conduct of the defendants, it is insufficient in this respect.

The argument for the plaintiff impliedly admits this proposition, but insists that "it does appear from the complaint that the plaintiff was induced by the fraudulent acts of defendants to sell his stock."

In support of this assertion, reference is made to this allegation in the complaint: "That your plaintiff, being influenced and induced, as aforesaid, by the fraudulent conduct of the said defendants, as aforesaid, did, at the date hereinbefore stated, sell, assign, transfer, set over," etc.

But this allegation adds nothing to the complaint in this respect, for to be "influenced and induced, as aforesaid," is only to be influenced and induced as before stated. Now, the previous and only allegation to which this "as aforesaid" relates, does not state in terms that the plaintiff was induced by the conduct of the

defendants to make the sale in question, but only that he "was induced to sell, and did actually * * * * sell," etc.

Unless, then, the prior allegation, that the plaintiff believed in and relied on the representations of the defendants, necessarily implies that he was thereby induced to sell, etc., the complaint is insufficient for want of such averment. Without it, the alleged wrong and loss are not concatenated as cause and effect.

But the plaintiff does not maintain that there is ground for such implication, and I think it would be unsafe so to conclude.

The immediate inducement to sell may have been the necessity or desire of the plaintiff to convert his stock into money. In all the cases cited on the point there is a direct allegation in so many words, or to that effect, that the injured party was induced by the conduct of the other to do the act which caused the loss to him.

In Cazeaux v. Mali, 25 Barb. 583, the cause and effect are connected by the averment "that the plaintiff was influenced thereby in making the purchases." In Cross v. Sackett, 2 Bosw. 645, the allegation is: "And so believing, and on the faith and credit of the aforesaid false and fraudulent acts, practices and representations of the said defendants, * * * * the said plaintiff did" purchase the stock in question. The court (page 646) held this allegation equivalent to saying that, "by these fraudulent acts, they (the defendants) induced the plaintiff to purchase." In Gerhard v. Bates, 20 Eng. Law & Eq. 136, the court say: "If the plaintiff had only averred that afterward, having seen the prospectus, he was induced to purchase the shares, objection might have been made that a connection did not sufficiently appear between the act of the defendant and the act of the plaintiff from which the loss arose; but the second count goes on expressly to aver that the defendant, by means of the said * * * * representations, wrongfully and fraudulently induced the plaintiff to become the purchaser," etc. Thus, the wrong and the loss are clearly concatenated as cause and effect. In Newbery v. Garland, 31 Barb. 131, it is alleged that the plaintiff "was induced by these representations (the representations of the defendant) to purchase."

Upon the argument and authorities cited the point appears to be well taken. The argument for the plaintiff admits that the complaint should show that the plaintiff was induced to make the sale in question by means of the wrongful conduct of the defendants, and rests solely upon the bare assertion, which in the judgment of the court is erroneous, that the complaint contains such an allegation.

The cases cited supra were cases of the purchase of stock upon false representations as to its value and condition of the corporation by the seller. There it was held necessary to aver that the plaintiff was influenced to make the purchase by means of such representations. Without this the loss sustained by the purchaser would not appear to have been caused by the act of the seller.

The case at bar is one of the sale of stock by the plaintiff for a price below its real value, upon false representations as to its value and the condition of the corporation, not by the other party to the sale, but by third persons, who were then directors of the corporation. Therefore the allegation as to the influence these representations had upon the plaintiff in making the sale, should state not only that he was thereby induced to sell his stock, but also to sell it at a price below its real value, and thus incur a loss, which he otherwise would not.

Upon this point the demurrer is sustained, and therefore it is not necessary to consider it further.

The complaints in Sanderson's and Barker's cases are substantially the same as this, and the demurrers thereto are sustained for the same reason.

[NOTE. Abner H. Barker having died, Joseph Simon was appointed administrator. For a motion for leave to continue this action as administrator of Barker, see Case No. 990.]